**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Byron Singleton;<br>Shannon Singleton;<br>Carlos Velasco;<br>Courtney Velasco,<br><br>        Plaintiffs,<br><br>vs.<br><br>Michael J. Adick;<br>Mary K. Adick;<br>Stanley Benavidez;<br>Elyte ATM Services, Inc.;<br>Elyte Services, LLC;<br>Elyte Security Services, LLC,<br><br>        Defendants.<br>_____<br>Michael J. Adick;<br>Mary K. Adick;<br>Elyte ATM Services, Inc.;<br><br>        Cross-claimants,<br><br>vs.<br><br>Stanley Benavidez;<br>Elyte Services, LLC;<br>Clara Benavidez,<br><br>        Cross-Defendants. | No. CV 09-486-PHX-JAT<br><br>**ORDER** |

      Pending before the Court are Named Plaintiffs' Motion for Default Judgment (Doc. #12) and Motion for Class Certification (Doc. #13). The Court now rules on the Motions.

## I. BACKGROUND

Named Plaintiffs filed this action on March 10, 2009. Named Plaintiff Byron Singleton worked for Defendants[1] as an armed guard transporting money to and from banks in armored trucks. Named Plaintiff Carlos Velasco also worked as an armed guard for Defendants. Plaintiffs claim that Defendants Michael Adick, Mary Adick, and Elyte ATM Services, Inc. failed to pay them and other employees wages owed for the month of November 2008.

Named Plaintiffs sued Defendants on behalf of themselves and all other employees similarly situated for violations of the Fair Labor Standards Act (the "FLSA") and the Arizona Wage Act (the "AWA") and for unjust enrichment. Named Plaintiffs seek certification as a collective action for the FLSA claim and as a class action under Federal Rule of Civil Procedure 23 for the Arizona Wage Act and unjust enrichment claims. They claim that Defendants failed to pay wages to approximately twenty-five employees on the pretext that Defendants did not have enough funds to make payroll.

Named Plaintiffs served Defendants on May 5, 2009. Defendants failed to answer in the time allowed by the rules. Named Plaintiffs did not seek an entry of default, but instead moved for default judgment on June 9, 2009. (Doc. #12.) On the same day, Named Plaintiffs also filed a Motion for Class Certification. (Doc. #13.)

Defendants belatedly filed an Answer on July 9, 2009. They filed responses to the Motion for Default Judgment and Motion for Class Certification on July 31, 2009. (Doc. ##s 22 & 23.) The Court will address the Motion for Default Judgment first, then the Motion for Class Certification.

## II. MOTION FOR DEFAULT JUDGMENT

In their response to the Motion for Default Judgment, Defendants argue the standards under Federal Rule of Civil Procedure 60(b). But Rule 60(b) applies to requests for relief

---

[1]Only Elyte ATM Services, Inc., Michael Adick, and his wife, Mary Adick, remain as Defendants to Plaintiffs' claims.

from default judgments that have already entered. The Court has not entered default judgment against Defendants, so Rule 60(b) does not apply.

Federal Rule of Civil Procedure 55(b)(2) provides the procedure for the Court to enter default judgment against a party. Rule 55 requires a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Before a party can obtain a default judgment from the Court under 55(b), the Clerk must enter default as provided in Rule 55(a). 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2682 (3d ed. 1998). *See also Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998)("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."); *Kruska v. Perverted Justice Foundation Inc.*, 2008 WL 4936615, *1 (D.Ariz. November 15, 2008)("Before a default judgment can be entered by the court, the party must move the court to direct the entry of default in accordance with Rule 55(a) and default must be entered by the clerk.").

Named Plaintiffs did not seek an entry of default when Defendants failed to answer within the time allowed. Rather, they moved directly for default judgment. Because Named Plaintiffs failed to secure an entry of default before moving for default judgment, the motion is inappropriate.

Moreover, it is within the Court's discretion to enter default judgment, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), and the Court will not enter default judgment now that Defendants are fully participating. The Court admonishes Defendants, however, to abide by all deadlines in the future. Although untimely, the Court will consider the Answer filed on July 14, 2009 (Doc. #16) as Defendants' Answer in this case. The Court therefore denies Named Plaintiffs' Motion for Default Judgment.

### III. MOTION FOR CLASS CERTIFICATION

#### A. Rule 23

Named Plaintiffs seek certification of the following Rule 23 class: "All individuals who worked for Defendants between October 2008 and December 2008 and are owed unpaid wages." (Motion for Class Certification, Doc. #13, p. 4.)

Federal Rule of Civil Procedure 23 gives this Court broad discretion to determine whether a class should be certified. *Dukes v. Wal-mart, Inc.*, 509 F.3d 1168, 1176 (9th Cir. 2007). But the Court should certify a class only after a rigorous analysis of the Rule 23 requirements. *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 961 (9th Cir. 2005). The party seeking class certification bears the burden of showing that each of Rule 23(a)'s requirements and at least one of Rule 23(b)'s requirements has been met. *Dukes*, 509 F.3d at 1176.

Rule 23 has two implicit prerequisites that Plaintiffs must satisfy for the Court to grant certification. *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 490 (S.D. Ill. 1999). First, in order to maintain a class action, the class must be adequately defined and clearly ascertainable. *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970); *see also Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, (9th Cir. 2007)("The district court's failure to analyze the Rule 23(a) factors in determining whether to grant class certification . . . resulted in its certifying a theory with no definable class."). The class cannot be overbroad, amorphous, or vague, but must be susceptible to a precise definition. *Clay*, 188 F.R.D. at 490. A class must be precisely defined so the Court can determine whom will be bound by the judgment. *McHan v. Grandbouche*, 99 F.R.D. 260, 265 (D. Kan. 1983).

Second, the named representative must be a member of the class. *Bailey v. Patterson*, 369 U.S. 31, 32-33 (1962). The Ninth Circuit dovetails the class membership prerequisite with the typicality requirement of Rule 23(a). "Typicality requires that the named plaintiffs be members of the class they represent." *Dukes*, 509 F.3d at 1184.

Plaintiffs must also prove that the proposed class meets the following four requirements of Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

*Dukes*, 509 F.3d at 1176 (quoting Fed.R.Civ.P. 23(a)).

Finally, Plaintiffs must prove that at least one of the following Rule 23(b)

requirements is met:

> (1) the prosecution of separate actions would create a risk of : (a) inconsistent or varying adjudications or (b) individual adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

*Id.* (citing Rule 23(b)). Pursuant to their Motion, Plaintiffs seek certification of a class under Rule 23(b)(3).

The Court finds that Named Plaintiffs have satisfied the two prerequisites to class certification because the proposed class is adequately defined and clearly ascertainable and Named Plaintiffs are members of the class they seek to represent. But Named Plaintiffs have not met the requirements of Rule 23(a). Specifically, the proposed class does not satisfy the numerosity requirement.

The focus of the numerosity inquiry is whether joinder of all potential plaintiffs would be impracticable. Fed.R.Civ.P. 23(a)(1). Numerosity requires examination of the facts of each case and does not impose any absolute limitation. *Gen. Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 330 (1980). While no absolute limits exist, the Supreme Court has suggested that a class of fifteen members is too small to meet the numerosity requirement. *Harik v. California Teachers Ass'n*, 326 F.3d 1042, 1051 (9th Cir. 2003)(citing *Gen. Tel*, 446 U.S. at 330).

Named Plaintiffs have alleged that the entire class has only approximately twenty-five members. They have not demonstrated that it would be difficult to join the remaining members of the proposed class. In fact, they have already received eight opt-in agreements from other former employees. The Court therefore finds it would not be difficult to join the remaining potential plaintiffs.

Because Named Plaintiffs have failed to meet the first requirement of Rule 23(a), the Court will not address the remaining requirements. The Court denies the request for Rule

23 certification. Named Plaintiffs may proceed on their state claims individually.

### B. FLSA Collective Action

Section 216(b) of the FLSA allows employees to represent similarly situated co-workers in an action against their employer for failure to pay wages owed. 29 U.S.C. §216(b)("An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.") Only employees who consent in writing can become party plaintiffs to a collective action. *Id.* If appropriate, collective actions benefit the judicial system by efficiently resolving in one proceeding common issues of law and fact. *Hoffman-LaRouche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Named Plaintiffs did not propose a class definition for the FLSA claim in their Motion for Class Certification (Doc. #13). But in their Proposed Form of Order, attached as Exhibit 2 to their Motion, Plaintiffs offer the following class definition: "[A]ll individuals who worked for Defendants between October 2008 and December 2008 and are owed unpaid wages." (Doc. #13-2 p. 1.) The Court therefore will consider that definition the requested class.

The decision to certify a collective action under the FLSA is within the discretion of the Court. *Edwards v. City of Long Beach*, 467 F.Supp.2d 986, 989 (C.D. Calif. 2006). To certify a class action under the FLSA, the Court must determine whether Named Plaintiffs and potential opt-in members are "similarly situated." 29 U.S.C. §216(b). The FLSA does not define the term "similarly situated," and the Ninth Circuit Court of Appeals has not construed it. *Wood v. Trivita, Inc.*, 2009 WL 2046048 at *2 (D.Ariz. Jan. 22, 2009).

Courts have taken at least three different approaches to analyzing the issue: "(1) a two-tiered case-by-case approach, (2) the incorporation of the requirements of Rule 23 of the current Federal Rules of Civil Procedure, or (3) the incorporation of the requirements of the pre-1966 version of Rule 23 for 'spurious' class actions." *Id.* The majority of courts have adopted the two-tiered approach. *See, e.g., Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d

- 6 -

1208, 1219 (11th Cir. 2001); *Edwards*, 467 F.Supp.2d at 990; *Hutton v. Bank of America*, 2007 WL 5307976 at *1 (D. Ariz. March 31, 2007). This Court will follow the majority two-tiered approach.

Under the two-tiered approach, during the early stages of litigation, the Court evaluates the case under a lenient standard and may grant conditional certification. *Hipp*, 252 F.3d at 1217. The Court then reevaluates, usually prompted by a motion for decertification, the "similarly situated" question at a later stage, once discovery has produced sufficient information regarding the nature of the claims. *Id*. at 1217-18.

At the early stage, or the "notice stage," the Court makes the "similarly situated" decision based on the pleadings and any Declarations that have been submitted. *Id*. at 1218 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)). Because the Court does not have much evidence at this stage, the Court uses a fairly lenient standard. *Id*. The second determination, under a stricter standard, is based on much more information, which makes a factual determination possible. *Id*.; *Wood*, 2009 WL 2046048 at *3. At the second stage, the Court reviews several factors, including: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant that appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001). At all times, Plaintiffs have the burden of proving they meet the "similarly situated" requirement. *See Hipp*, 252 F.3d at 1217.

Named Plaintiffs have alleged that they and other employees worked for Defendants for a month in 2008 without receiving any wages. They claim that Defendants told them and other employees that Defendant could not make payroll because of a lack of funds. Named Plaintiffs have submitted opt-in agreements of eight other employees who have stated that they are similarly situated to Named Plaintiffs. While this evidence is thin, it is sufficient at the first, lenient stage of the "similarly situated" analysis. The Court therefore will

1 conditionally certify a collective action under the FLSA.[2] After discovery reveals the actual
2 facts of the case and before the dispositive motion deadline, Defendants may move to
3 decertify the case. If Defendants choose to file a decertification motion, the Court will
4 engage in a much more rigorous analysis of the "similarly situated" issue at that time.

Accordingly,

IT IS ORDERED DENYING Named Plaintiffs' Motion for Default Judgment (Doc. #12).

IT IS FURTHER ORDERED DENYING in part and GRANTING in part Named Plaintiffs' Motion for Class Certification (Doc. #13). It is ordered denying class certification under Federal Rule of Civil Procedure 23 for the state law claims. It is ordered granting certification under FLSA §216(b) of the following class: "All individuals who worked for Defendants between October 2008 and December 2008 and are owed unpaid wages."

IT IS FURTHER ORDERED that Named Plaintiffs shall send notification of the conditional certification of the FLSA collective action to potential opt-in plaintiffs within sixty (60) days of the date of this Order.

DATED this 2nd day of November, 2009.

_____
James A. Teilborg
United States District Judge

---

[2] Only employees that submit written consents will be allowed to participate in the collective action.