WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Byron Singleton; Shannon Singleton; Carlos Velasco; Courtney Velasco,<br><br>    Plaintiffs,<br><br>vs.<br><br>Michael J. Adick; Mary K. Adick; Elyte ATM Services, Inc.,<br><br>    Defendants.<br><br>Michael J. Adick; Mary K. Adick; Elyte ATM Services, Inc.,<br><br>    Cross-Claimants,<br><br>vs.<br><br>Stanley Benavidez; Elyte Services, LLC; Clara Benavidez,<br><br>    Cross-Defendants. | No. CV 09-486-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiffs Byron and Shannon Singleton and Carlos and Courtney Velasco's (collectively "Plaintiffs") Motion for Leave to File First Amended Complaint and Joinder (Doc. # 76). Defendants/Cross-Claimants Elyte ATM Services, Inc., Michael J. Adick and Mary Kay Adick (collectively "Defendants") filed a Response to the Motion for Leave (Doc. # 78) and Plaintiffs have filed a Reply in Support of their Motion for Leave (Doc. # 79).

**I. PROCEDURAL BACKGROUND**

On March 10, 2009, Plaintiffs commenced this action against Defendants. In the Complaint (Doc. # 1), Plaintiffs included three causes of action against Defendants: (1) failure to pay wages as required by the Fair Labor and Standards Act ("FLSA"); (2) failure to pay wages as required by the Arizona Wage Act; and (3) unjust enrichment. On June 9, 2009, Plaintiffs filed a Motion for Class Certification (Doc. # 13) requesting that the Court certify a collective class action under FLSA and a class action pursuant to Federal Rules of Civil Procedure 23 ("Rule 23"). In their Response to the Motion for Class Certification (Doc. # 23), Defendants opposed both class certifications on the grounds that under Rule 23, Plaintiffs could not meet the numerosity requirement because joinder would not be impracticable and under FLSA, class plaintiffs were not similarly situated. On November 11, 2009, the Court issued an Order (Doc. # 42) denying Plaintiffs' Rule 23 request for class certification because Plaintiffs could not meet the numerosity requirement required for a Rule 23 class action. The Court conditionally certified Plaintiffs' collective action under FLSA with the caveat that the class could be decertified if, through the discovery process, it was shown that Plaintiffs were not similarly situated to meet the requirements of a FLSA class certification.

On December 31, 2009, Plaintiffs and Defendants filed a Joint Proposed Case Management Plan (Doc. # 69) (the "Plan"). In the Plan, Plaintiffs asserted that due to the Court's order denying their Rule 23 class action, they were preparing a joinder motion on behalf of "remaining potential plaintiffs" who had contacted them. Further, in the Plan's section for proposed deadlines, Plaintiffs proposed a deadline of February 7, 2010 to file a joinder motion and motions to amend pleadings and Defendants proposed a deadline of March 31, 2010 to file a joinder motion and motions to amend pleadings. In its Rule 16 Scheduling Order (Doc. # 74), the Court did not specifically mention a deadline for joinder, but did set a March 31, 2010 deadline for filing an amended complaint.

On February 18, 2010, Plaintiffs filed their Motion for Leave to File First Amended Complaint and Joinder (Doc. # 76) ("Motion for Leave"). Plaintiffs move to amend pursuant to Federal Rules of Civil Procedure 15 and 20. Plaintiffs propose to amend their Complaint

- 2 -

by removing the Rule 23 class action allegations from the original Complaint and by joining Shelly Walker, Gerald McDonald, Steven M. Davis, Troy Smith, James R. Hininger, Bernadette Schmidt, Adrian Sanchez, Johnathan Kearney, Timothy Milo, and Dawn Milo (collectively the "Joinder Plaintiffs") as Plaintiffs to the suit. Defendants oppose the joinder and argue that Plaintiffs' Motion for Leave should be denied because (1) Plaintiffs' motion is an attempt to get around the content and spirit of this Court's November 2, 2009 Order and (2) Plaintiffs' motion is untimely and will cause unnecessary delay. Defendants argue, alternatively, that if the Court grants Plaintiffs' Motion for Leave, the Court should amend the Rule 16 Scheduling Order.

## II. DISCUSSION

When a party seeks to amend a pleading, Federal Rules of Civil Procedure 15 ("Rule 15") is generally applicable, even where a party seeks to amend to add new parties. Because Rule 20 also regulates whether parties may be joined, however, it is appropriate for a court to consider whether the proposed amended pleading to add parties meets the requirements of both Rules 15 and 20. *See Hinson v. Norwest Fin. S. Carolina, Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) (stating that a "court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a).") (citing *Desert Empire Bank v. Ins. Co. of N. Am.,* 623 F.2d 1371, 1374 (9th Cir.1980)). "In exercising the discretion provided by Rules 15 and 20, courts have shown a strong liberality in allowing parties to amend their pleadings when such amendments have satisfied the explicit requirements of the rules." *Desert Empire Bank*, 623 F.2d at 1375–76. Accordingly, the Court will determine if Plaintiffs' Motion for Leave meets the requirements of both Rules 20 and 15.

### A. Rule 20 - Joinder

Pursuant to Federal Rules of Civil Procedure 20(a):

> Persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

- 3 -

>transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Regarding Rule 20(a), "permissive joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1997); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). "Rule 20(a) imposes two specific requisites for the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence [or a series of transactions or occurrences]; and (2) some question of law or fact common to all the parties will arise in the action." *League to Save Lake Tahoe*, 558 F.2d at 917; *see also Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

1. Same Transaction or Occurrence

"The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." *Coughlin*, 130 F.3d at 1350. Plaintiffs assert that Defendants systematically failed to pay Plaintiffs and Joinder Plaintiffs' respective employment wages in or around November 2008. In their Response to the Motion for Leave, Defendants do not dispute that Plaintiffs and Joinder Plaintiffs' claims arise out of the same transaction or occurrence. The Court finds that Plaintiffs have asserted a claim that Defendants have engaged in a systematic behavior for a specific period of time and that this is sufficient to establish a similarity in the factual background of Plaintiffs and Joinder Plaintiffs' claims. Accordingly, the Court finds that the claims asserted by Plaintiffs and Joinder Plaintiffs constitute the same transaction or occurrence required by Rule 20.

2. Law or Fact Common to All Parties

The Court also finds that Plaintiffs and Joinder Plaintiffs' claims share questions of law common to all parties. Both Plaintiffs and Joinder Plaintiffs' claims arise out of

Defendants' alleged failure to pay its employees wages for a specific period of time. The resolution of these claims will require the Court to make determinations about whether Defendants have violated FLSA and the Arizona Wage Act and whether Defendants have been unjustly enriched through their alleged failure to pay their employees' wages. These issues of law and fact are common to both Plaintiffs and Joinder Plaintiffs.

Although some of the specific facts related to certain employees wages may differ, joinder is not rendered inappropriate by the fact that Plaintiffs and Joinder Plaintiffs' individual claims involve some independent factual allegations. Rule 20 specifically provides that "[n]either a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities." Fed. R. Civ. P. 20(a)(3). Accordingly, the Court finds that Plaintiffs have met the permissive joinder requirements of Rule 20 and will now determine whether granting leave to amend is appropriate under Rule 15.

### B. Rule 15 - Leave to Amend

While the decision to grant or deny a motion to amend is within the discretion of the district court, it is necessary for the Court to heed Rule 15(a)'s mandate that "leave to amend 'shall be freely given when justice so requires.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal citation omitted). "In exercising its discretion with regard to the amendment of the pleadings, 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). This "'policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Id.* (quoting *Webb*, 655 F.2d at 979).

A Court must consider the following factors in determining whether a motion to amend should be granted: (1) whether the pleading at issue has been previously amended, (2) futility of the amendment, (3) bad faith, (4) undue delay, and (5) prejudice to the opposing party. *Foman*, 371 U.S. at 182; *see also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991);

*W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). "Significantly, '[t]he party opposing amendments bears the burden of showing prejudice,' futility, or one of the other permissible reasons for denying a motion to amend." *Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1060 (D. Ariz. 2003) (quoting *DCD Programs*, 833 F.2d at 187).

In this case, Plaintiffs have not previously amended their Complaint and there is no showing of futility. Thus, the Court will consider whether Plaintiffs have acted in bad faith, whether there has been undue delay, and whether allowing Plaintiffs to amend their Complaint would prejudice Defendants.

### 1. Bad Faith

Defendants argue that Plaintiffs' Motion to Amend is merely an attempt to get around the content and spirit of this Court's November 2, 2009 Order. This argument relies on language in the November 2, 2009 Order which states "[n]amed Plaintiffs may proceed on their state claims individually." (Doc. # 42 at 6). Although this Court did use that language to deny the Rule 23 Class certification, that statement by the Court does not prevent Plaintiffs from seeking joinder when appropriate. Defendants cite no further evidence as to how Plaintiffs are attempting to circumvent the "content and spirit" of this Court's November 2, 2009 Order. Accordingly, the Court finds that there has been no showing that Plaintiffs have engaged in bad faith.[1]

### 2. Timeliness

Defendants argue that Plaintiffs' Motion for Leave is untimely because (1) Plaintiffs

---

[1] In their Response to Plaintiffs' Motion for Leave, Defendants state that "it is [their] position that Plaintiffs should be sanctioned for their lack of diligence in joining an additional ten named plaintiffs . . ." (Doc. # 78 at 7). In response, Plaintiffs assert that they should not be sanctioned, but state that "[i]f anyone should be sanctioned for creating unnecessary delay it is Defendants." (Doc. # 79 at 8). To the extent that these "requests" for sanctions are more than mere hyperbole, both Plaintiffs' and Defendants' Requests for Sanctions are denied.

- 6 -

knew that they could join additional Plaintiffs at the time of this Court's November 2, 2009 Order and yet waited almost four months to file their Motion for Leave; (2) during the process of preparing the Joint Proposed Case Management Plan and at the Rule 16 Scheduling Conference, Plaintiffs did not convey any intention to further amend their complaint to join additional parties; and (3) joinder of ten additional named plaintiffs will derail the timely litigation of this case pursuant to the existing Rule 16 Scheduling Order. Defendants also state that "[c]learly, if the Plaintiffs informed opposing counsel and court during the scheduling conference of their intent to join ten named plaintiffs the resultant schedule would have been far different, which is precisely why no notice was given before now." (Doc. # 78 at 6).

In Response, Plaintiffs argue that Defendants arguments regarding timeliness are disingenuous because the Joint Proposed Case Management Plan made clear that Plaintiffs were preparing a Motion for Leave to join additional Plaintiffs. The Court agrees. The Joint Case Management Plan filed on December 31, 2009 (Doc. # 69) signed by both Plaintiffs' Counsel and Defendants' Counsel states "[m]any of the 'remaining potential plaintiffs' have contacted Plaintiffs [sic] counsel and requested Plaintiffs' counsel to file a joinder motion on their behalf. A joinder motion is being prepared and will be filed in due course." (Doc. # 69 at 3). Further, both Plaintiffs and Defendants specifically included a proposed filing deadline for a joinder motion. Defendants cannot now assert that they were unaware of a possible joinder motion or that they will incur prejudice if the motion for leave is granted.

At the time of the Rule 16 Scheduling Conference, Defendants were aware that Plaintiffs were preparing a joinder motion and did not bring any objections to the Court's attention. Further, Defendants knew that Plaintiffs' intended to file a joinder motion when they proposed deadlines for the Rule 16 Scheduling Order and thus cannot claim that had they known about the joinder, they would never have agreed to the dates in that Order. Accordingly, the Court finds that Plaintiffs' Motion for Leave is timely, as it was anticipated at the time the Court issued its Scheduling Order and it complies with the deadlines set forth in that Order.

### 3. Prejudice

Defendants assert that timely litigation of this case will be derailed if the court allows the joinder of ten additional named plaintiffs. Aside from this general statement, Defendants fail to state any reason why they will be prejudiced. Accordingly, it is unclear how granting Plaintiffs' Motion for Leave will prejudice Defendants.

## III. CONCLUSION

Due to the policies behind Federal Rules of Civil Procedure 15(a) and 20 in favor of facilitating decisions on the merits and promoting judicial economy and because Defendants have not carried their burden of demonstrating how they will be prejudiced if the amendment is allowed, **IT IS ORDERED GRANTING** Plaintiffs' Motion for Leave (Doc. # 76). **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Amended Complaint currently lodged as Docket Number 77.

Newly joined Plaintiffs are bound by the January 11, 2010 Scheduling Order (Doc. # 74). Although Defendants request extension of all Rule 16 deadlines, on this record, the Court does not find that cause has been shown. Therefore, this request is **DENIED WITHOUT PREJUDICE** subject to the parties stipulating to an extension or either party moving for an extension consistent with Local Rule 7.3. Due to the fast approaching first expert disclosure deadline, however, the Court will extend the April 19, 2010 deadline. Accordingly, **IT IS ORDERED** that the party with the burden of proof on an issue shall disclose the identity of any person who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, 704, or 705 no later than April 30, 2010. All other deadlines in the January 11, 2010 Scheduling Order (Doc. # 74) are confirmed.

DATED this 15th day of April, 2010.

_____
James A. Teilborg
United States District Judge

- 8 -